PER CURIAM.
Ryan Batchelor appeals his conviction for possession of oxycodone, entered following his plea to the charge during which he reserved the right to appeal the trial court’s denial of his dispositive motion to suppress. Following an evidentiary hearing, the trial court denied Batchelor’s suppression motion without making any findings.
On appeal, Batchelor first argues that the initial stop of his vehicle was unlawful because the BOLO to which the arresting officer was responding was too vague *1153 (merely referencing a white sedan with no additional details) to justify an investigatory stop. See, e.g., Hunter v. State, 660 So.2d 244, 249 (Fla.1995) (When assessing whether a “be-on-the-lookout” alert sufficiently justifies an investigatory stop, courts consider: “(1) the length of time and distance from the offense; (2) route of flight; (3) specificity of the description of the vehicle and its occupants; and (4) the source of the BOLO information.”). We need not address this issue because we find that the facts adduced at the eviden-tiary hearing do not even suggest any legal basis for the search of Batchelor’s vehicle, which quickly followed the stop (and during which police found and seized drug paraphernalia from a container in the passenger compartment of the vehicle).
Shortly after searching Batchelor’s vehicle, police testified that they confronted Batchelor with the drug paraphernalia found therein, and then secured Batche-lor’s consent to search his person (during which they discovered the five oxycodone tablets that served as the basis for the charge to which Batchelor pled). The State’s attempt to rely on Batchelor’s consent to justify the search of his person under these circumstances is clearly misplaced. See Turner v. State, 674 So.2d 896, 897 (Fla. 5th DCA 1996) (“A consent to search given after illegal police conduct is presumptively tainted and is deemed involuntary absent ‘clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action.’”) (quoting Norman v. State, 379 So.2d 643, 647 (Fla.1980)). On this record, there was no proof of a break in the chain of illegality sufficient to dissipate the taint of the illegal vehicle search.
Accordingly, we reverse and remand with directions that Batchelor’s motion to suppress be granted.
REVERSED AND REMANDED.
TORPY, LAWSON and BERGER, JJ., concur.